IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
KENNETH BERNARD JOHNSON,        *
                                *
     Plaintiff,                 *
                                *
     v.                         *        CV 114-160
                                *
RITA KRISTINE WHITTINGTON,      *
et al.,                         *
                                *
     Defendants.                *
```

## O R D E R

Presently pending before the Court is Plaintiff Kenneth Bernard Johnson's Motion for Voluntary Dismissal (Doc. 77), as well as eight dispositive motions filed by Mr. Johnson and various Defendants (Docs. 25, 31, 43, 45, 49, 50, 51, 52). For the reasons set forth below, the Court **GRANTS** Mr. Johnson's motion **IN PART**. (Doc. 77.)

Mr. Johnson, who is an inmate at the Coffee Correctional Facility in Nicholls, Georgia, asks the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), which provides that a "plaintiff may dismiss an action without a court order by filing[] (i) a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A) (emphasis added). If, as here, a defendant has already served an answer or filed a motion for summary judgment, "an action may be dismissed at the

plaintiff's request *only by court order, on terms that the court considers proper.*" FED. R. CIV. P. 41(a)(2) (emphasis added).

Generally, "[a] district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015)(citing Pontenberg v. Bos. Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)(per curiam)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Pontenberg, 252 F.3d at 1255 (emphasis in original). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Id. (citing Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)[1]). In exercising its broad equitable discretion under Rule 41(a)(2), the district "court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias, 776 F.3d at 1269 (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)). Importantly, "the fact that the litigation has proceeded to the summary judgment stage" does not "conclusively or per se establish[] plain legal prejudice requiring the denial of a motion to dismiss." Pontenberg, 252 F.3d at 1256.

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

2

Here, Defendants John Bush, Judge Sterling Wimberly, Judge Emanuel Larken, Harvey's Supermarket (KJ's IGA), "Burke County Sheriff Office," and "Burke County Magistrate Court" have not objected to Mr. Johnson's motion. In the absence of any suggestion that these Defendants will suffer legal or other prejudice if the Court dismisses the action without prejudice, dismissal is proper without the imposition of any curative conditions. See LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 605 (5th Cir. 1976) (directing the district court to "fashion only such conditions as are necessary to protect the legitimate interest of defendants"); see also Alvarado v. Maritime Overseas Corp., 528 F.2d 605, 606 (5th Cir. 1976) (stating that curative conditions need not be imposed where "defendant has not objected to the dismissal for this itself evidences a lack of any prejudice upon defendant"); Brown v. Gulfstream Aerospace Corp., No. 4:99-CV-248, 2001 WL 548846, at *1 (S.D. Ga. Jan. 24, 2001), aff'd, 46 F. App'x 617 (11th Cir. 2002). Accordingly, the Court **GRANTS IN PART** Mr. Johnson's motion (Doc. 77) and **DISMISSES WITHOUT PREJUDICE** his claims against these six parties. The Clerk **SHALL TERMINATE** John Bush, Judge Sterling Wimberly, Judge Emanuel Larken, Harvey's Supermarket (KJ's IGA), "Burke County Sheriff Office," and "Burke County Magistrate Court" as defendants in this action, as well as all motions and deadlines pertaining to them. (Docs. 25, 43, 49, 50, 52, 75.)

Defendants City of Waynesboro,[2] Rita Kristine Whittington, Ryan Pittman, and Christopher Dontaye Green (collectively, the

---

[2] Mr. Johnson names the "Waynesboro City Police Department" as a defendant in this matter. In all responsive filings, counsel for the City

"City Defendants"), however, object to the dismissal of Mr. Johnson's claims against them. (Doc. 78.) They assert that Mr. Johnson's claims are "baseless" and his filings are "disjointed and often unintelligible," thereby putting them "to considerable expense." (Id. at 2.) The City Defendants further argue that "[a]llowing [Mr. Johnson] to dismiss and later re-file will only delay the inevitable." (Id.) Finally, they emphasize that Mr. Johnson has not offered any reason why his motion should be granted. (Id. at 3.)

The Court finds that Mr. Johnson is entitled to voluntary dismissal against the City Defendants as well, subject to certain conditions. The City Defendants have not shown that they would "lose any substantial right" by a dismissal without prejudice, other than possibly having to litigate again with Mr. Johnson in the future. See Pontenberg, 252 F.3d at 1255. The City Defendants also have not put forth any evidence of bad faith on Mr. Johnson's part beyond allegations that his "responses . . . are baseless" and include "bogus and inapposite legal conclusions." (Doc. 78 at 2-3.) See Pontenberg, 252 F.3d at 1257-58 (discussing the significance of evidence demonstrating bad faith on the part of counsel in Rule 41(a)(2) analysis) (citing Durham, 385 F.2d at 368 and McCants, 781 F.2d at 858). Simply, the City Defendants' arguments are nowhere near sufficient to demonstrate clear legal prejudice. At the same time, the Court acknowledges the "practical prejudice" of expenses the City Defendants have incurred in

---

Defendants identifies the "City of Waynesboro" as the proper party. (See, e.g., Docs. 30, 31, 45, 69.)

defending this action, see McCants, 781 F.2d at 859, and hereby **ORDERS** the following:

(1) The Court **DISMISSES WITHOUT PREJUDICE** Mr. Johnson's claims against the City Defendants **ON THE CONDITION** that **IF** Mr. Johnson chooses to refile his claims against the City Defendants at a later time, he **SHALL** pay all costs associated with this action, which may include the City Defendants' reasonable attorney's fees.[3]

(2) The Court **DIRECTS** Mr. Johnson to notify the Court **IN WRITING** within **SEVEN DAYS** from the date of this Order whether he (A) agrees to the curative condition described above **OR** (B) instead wishes to withdraw his voluntary dismissal as to the claims against the City Defendants only, in which case the Court will proceed to address Documents 31, 45, and 51 on the merits. Failure to comply with this directive shall indicate there is no opposition to the curative condition.

(3) The Court **DISMISSES WITHOUT PREJUDICE** Mr. Johnson's claims against John Bush, Judge Sterling Wimberly, Judge Emanuel Larken, Harvey's Supermarket (KJ's IGA), "Burke County Sheriff Office," and "Burke County Magistrate Court." The Clerk **SHALL TERMINATE** these parties as defendants, as well as all motions and deadlines pertaining to them. (Docs. 25, 43, 49, 50, 52, 75.)

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] See Pontenberg, 252 F.3d at 1260 (finding the district court's decision permitting the plaintiff to dismiss her action without prejudice was not "outside the zone of choice," especially when the Court conditioned dismissal on the payment of costs to the defendant upon refiling, thereby adequately addressing any financial prejudice suffered by the defendant); McCants, 781 F.2d at 860 ("Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." (citations omitted)).

5